UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

24-20264-CR-BLOOM/ELFENBEIN
CASE NO. _____

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)(iii)
18 U.S.C. § 924(j)(1)
21 U.S.C. § 853
18 U.S.C. § 924(d)

FILED BY____MP____D.C.

**Jun 20, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

TSVIA KOL and
JIMMY SANCHEZ,

   Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Possess with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 846)

From at least as early as in or around November 1, 2022, and continuing through on or about November 29, 2022, in Miami-Dade County, in the Southern District of Florida, the defendants,

**TSVIA KOL and
JIMMY SANCHEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

It is further alleged that the controlled substance involved in the conspiracy attributable to

the defendants as a result of the defendants' own conduct, and the conduct of other conspirators reasonably foreseeable to the defendants, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

## COUNT 2
### Discharge of a Firearm in Furtherance of a Drug Trafficking Crime
### (18 U.S.C. § 924(c)(1)(A)(iii))

On or about November 29, 2022, in Miami-Dade County, in the Southern District of Florida, the defendants,

**TSVIA KOL and**
**JIMMY SANCHEZ,**

did knowingly use and carry a firearm during and in relation to a drug trafficking crime, and did knowingly possess said firearm in furtherance of a drug trafficking crime, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, as set forth in Count 1 of this Indictment, in violation of Title 18, United Stated Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), it is further alleged that the firearm was discharged.

## COUNT 3
### Causing the Death of a Person in the Course of a Violation of U.S.C. § 924(c)
### (18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1))

On or about November 29, 2022, in Miami-Dade County, in the Southern District of Florida, the defendants,

**TSVIA KOL and**
**JIMMY SANCHEZ,**

did knowingly use and carry a firearm during and in relation to a drug trafficking offense, and did

knowingly use and possess a firearm in furtherance of a drug trafficking offense, an offense for which the defendants may be prosecuted in a court of the United States, that is, for a violation of Title 21, United States Code, Section 846, as set forth in Count 1 of this Indictment, and in the course of this violation of Title 18, United States Code, Section 924(c), caused the death of a person, "J.G.," through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111; in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

## FORFEITURE ALLEGATIONS

1.     The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **TSVIA KOL** and **JIMMY SANCHEZ**, have an interest.

2.     Upon conviction of a violation of Title 21, United States Code, Section 846, as alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3.     Upon conviction of a violation of Title 18, United States Code, Sections 922 or 924, or any other criminal law of the United States, as alleged in this Indictment, the defendants shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

4.     All pursuant to Title 21, United States Code, Section 853 and Title 18, United States

3

Code, Section 924(d), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

## NOTICE OF SPECIAL FINDINGS

The Grand Jury finds that:

**I.** **Special findings as to Count 3**

Pursuant to Chapter 228 (Sections 3591 through 3599) of Title 18 of the United States Code, the following factors exist regarding defendants **TSVIA KOL** and **JIMMY SANCHEZ** and their commission of the offense charged in Count 3, the allegations of which are fully re-alleged and incorporated herein by this reference.

A. Statutory Factors Enumerated Under Title 18, United States Code, Section 3591(a).

1. Defendants' Ages. Defendants **TSVIA KOL** and **JIMMY SANCHEZ** were each 18 years of age or older at the time they committed the offense. Title 18, United States Code, Section 3591(a).

2. Defendants' Mental State.

a. Defendants **TSVIA KOL** and **JIMMY SANCHEZ** intentionally killed the victim, "J.G." Title 18, United States Code, Section 3591(a)(2)(A).

b. Defendants **TSVIA KOL** and **JIMMY SANCHEZ** intentionally inflicted serious bodily injury that resulted in death of the victim, "J.G." Title 18, United States Code, Section 3591(a)(2)(B).

c. Defendants **TSVIA KOL** and **JIMMY SANCHEZ** intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim "J.G." died as a direct result of the act. Title 18, United States Code, Section 3591(a)(2)(C).

4

d.  Defendants **TSVIA KOL** and **JIMMY SANCHEZ** intentionally and specifically engaged in an act of violence, knowing the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, "J.G," died as a direct result of the act. Title 18, United States Code, Section 3591(a)(2)(D).

B.  Statutory Factors Enumerated Under Title 18, United States Code, Section 3592(c).

1.  Death during commission of another crime. The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of another crime, that is, an offense under 18 U.S.C. § 924(c)(1)(A) (Discharge of a firearm in furtherance of a drug trafficking offense). 18 U.S.C. § 3592(c)(1).

2.  Substantial Planning and Premeditation. Defendants **TSVIA KOL** and **JIMMY SANCHEZ** committed the offense after substantial planning and premeditation to cause the death of a person. Title 18, United States Code, Section 3592(c)(9).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
YARA DODIN
ASSISTANT UNITED STATES ATTORNEY

_____
for MONICA CASTRO
ASSISTANT UNITED STATES ATTORNEY

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**CASE NO.:** <u>**24-20264-CR-BLOOM/ELFENBEIN**</u>

**v.**

TSVIA KOL and JIMMY SANCHEZ,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendants.

**Court Division** (select one)

☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) <u>No</u>
    List language and/or dialect: _____

4.  This case will take <u>10</u> days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)
    I    ☐  0 to  5 days               ☐ Petty
    II   ☒  6 to 10 days               ☐ Minor
    III  ☐ 11 to 20 days               ☐ Misdemeanor
    IV   ☐ 21 to 60 days               ☒ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) <u>No</u>
    If yes, Judge _____ Case No. _____

7.  Has a complaint been filed in this matter? (Yes or No) <u>No</u>
    If yes, Magistrate Case No. _____

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) <u>Yes</u>
    If yes, Judge Singhal _____ Case No. 22-CR-60242 _____

9.  Defendant(s) in federal custody as of December 2022 (KOL) _____

10. Defendant(s) in state custody as of February 2024 (Sanchez) _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) <u>Yes</u>

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) <u>No</u>

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) <u>No</u>

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? <u>No</u>

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? <u>No</u>

By: _____
    Yara Dodin
    Assistant United States Attorney
    FL Bar No.        0124979

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:**  TSVIA KOL

**Case No**:

Count #: 1

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 846

* **Max. Term of Imprisonment:** Life imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** 5 years up to life
* **Max. Fine:** $10,000,000

Count #: 2

Discharge of a Firearm in Furtherance of a Drug Trafficking Offense

Title 18, United States Code, Section 924(c)(1)(A)(iii)

* **Max. Term of Imprisonment:** Life imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years' imprisonment
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 3

Causing the Death of a Person in the Course of a Violation of 18 U.S.C. Section 924(c)

Title 18, United States Code, Section 924(c)(1)(A) and 924(j)(1)

* **Max. Term of Imprisonment:** Life imprisonment/Death penalty eligible
* **Mandatory Min. Term of Imprisonment (if applicable):** Life imprisonment
* **Max. Supervised Release:** N/A
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JIMMY SANCHEZ

**Case No**: _____

Count #: 1

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 846

* **Max. Term of Imprisonment:** Life imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** 5 years up to life
* **Max. Fine:** $10,000,000

Count #: 2

Discharge of a Firearm in Furtherance of a Drug Trafficking Offense

Title 18, United States Code, Section 924(c)(1)(A)(iii)

* **Max. Term of Imprisonment:** Life imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years' imprisonment
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 3

Causing the Death of a Person in the Course of a Violation of 18 U.S.C. Section 924(c)

Title 18, United States Code, Section 924(c)(1)(A) and 924(j)(1)

* **Max. Term of Imprisonment:** Life imprisonment/Death penalty eligible
* **Mandatory Min. Term of Imprisonment (if applicable):** Life imprisonment
* **Max. Supervised Release:** N/A
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**