UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 24-CR-20264-BB-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | VOLUME I OF I |
| | ) | PAGES: 1 - 14 |
| | ) | |
| | ) | |
| VS. | ) | DATE OF PROCEEDINGS: |
| | ) | JANUARY 16, 2025 |
| | ) | |
| TSVIA KOL, | ) | COURTROOM #10-2 |
| | ) | WILKIE D. FERGUSON, JR. |
| DEFENDANT. | ) | U.S. COURTHOUSE |

TRANSCRIPT OF MOTION TO WITHDRAW AS ATTORNEY BY
ROBERT MALOVE AND ALANA YAKOLEV
PROCEEDINGS BEFORE THE HONORABLE BETH BLOOM
UNITED STATES DISTRICT JUDGE,
AT 400 NORTH MIAMI AVENUE,
MIAMI, FLORIDA  33128.

APPEARANCES

FOR THE GOVERNMENT:        YARA DODIN, ESQ.
                          UNITED STATES ATTORNEY'S OFFICE
                          MIAMI, FLORIDA  33128


FOR THE DEFENDANT:         SCOTT SAKIN, ESQ.
                          LAW OFFICES OF SCOTT W. SAKIN, P.A.
                          2883 EXECUTIVE PARK DRIVE
                          SUITE 104
                          WESTON, FLORIDA  33331

Stenographically Reported By:
Quanincia S. Hill, RPR
Federal Official Court Reporter
400 North Miami Avenue
Miami, Florida  33128


Office No.:  (305)523-3634  E-mail: Quanincia_hill@flsd.uscourts.gov

APPEARANCES-CONTD.

FOR THE DEFENDANT:          ALANA SABINA YAKOLEV, ESQ.
                           WALK FREE LAW
                           2131 HOLLYWOOD BOULEVARD
                           SUITE 205
                           HOLLYWOOD, FLORIDA  33020

                           ROBERT DAVID MALOVE, ESQ.
                           ROBERT DAVID MALOVE, P.A.
                           MUSEUM PLAZA
                           200 S. ANDREWS AVENUE
                           SUITE 901
                           FORT LAUDERDALE, FLORIDA  33301

*Stenographically Reported By:*
*Quanincia S. Hill, RPR*
*Federal Official Court Reporter*
*400 North Miami Avenue*
*Miami, Florida  33128*

*Office No.:  (305)523-3634  E-mail: Quanincia_hill@flsd.uscourts.gov*

(Proceedings commencing at 10:41 a.m.)

**THE COURTROOM DEPUTY:** Calling criminal case number 24-20264. *United States of America versus Tsvia Kol.*

Counsel, please state your appearances for the record.

**AUSA DODIN:** Good morning, Your Honor. Yara Dodin on behalf of the United States.

**THE COURT:** Good morning.

**ATTORNEY SAKIN:** Judge, good morning. My name is Scott Sakin, and I'm here on behalf of Tsvia Kol. I'm her CJA learned counsel.

**ATTORNEY YAKOVLEV:** Good morning, Your Honor. Alana Yakovlev present for Tsvia Kol.

**ATTORNEY MALOVE:** Good morning, Your Honor. Robert Malove for Tsvia Kol.

**THE COURT:** All right. Go ahead and have a seat.

All right. The Court has before it for hearing today Docket Entry 38, which is a motion to withdraw as counsel of record that was filed by Mr. Yakolev [sic] as well as Docket Entry 41, a motion to withdraw, filed by Mr. Malove as the Court did appoint at one time learned counsel.

Can you advise me, Mr. Malove, who is here before the Court as learned counsel.

**ATTORNEY MALOVE:** Judge, learned counsel is Mr. Sakin, who is present.

**THE COURT:** And Mr. Sakin will remain as counsel of

record, correct?

**ATTORNEY SAKIN:**  Yes, Judge.  I mean, my relationship with the client is very good and I intend to remain and continue this case until it's resolved.

**THE COURT:**  And is there any information that needs to be brought to the Court's attention with regard to either of these motions that should be heard outside the presence of any individual on behalf of the United States?

**ATTORNEY SAKIN:**  Yes.  If there's going to be anything said, it should be said outside the presence of the Government.  It should be in camera, yes.

**THE COURT:**  Yes.  Of course.  And I would ask Ms. Dodin, if you or any member of the U.S. Attorney's Office or on behalf of the Government, if you'll be kind enough to step outside.  And I will advise you when we're ready to continue the matter.

**AUSA DODIN:**  Yes, Your Honor.

(Whereupon, proceedings commence outside of the presence of the U.S. Attorney's Office.)

**THE COURT:**  Mr. Malove.

**ATTORNEY MALOVE:**  Your Honor.

**THE COURT:**  Are there any additional matters, other than what's contained in Docket Entry 41, that needs to be brought to the Court's attention?

**ATTORNEY MALOVE:**  No, Your Honor.

**THE COURT:**  You stated that there's a conflict of interest, correct?

**ATTORNEY MALOVE:**  That's correct, Judge.

**THE COURT:**  And are you requesting that another attorney, pursuant to the *Criminal Justice Act* be appointed to represent Ms. Kol?

**ATTORNEY MALOVE:**  Respectfully, I am making that request, Your Honor.

**THE COURT:**  And as you certainly have significant experience, I want to insure that the individual that is appointed from the CJA list also have that type of experience.

Is there anything that needs to be brought to the Court's attention that is unique in terms of the Court's selection of an appropriate attorney?

**ATTORNEY MALOVE:**  Judge, I think that you summarized it as someone who has years of experience in complicated matters like this.

**ATTORNEY SAKIN:**  Your Honor.

**THE COURT:**  Mr. Sakin.

**ATTORNEY SAKIN:**  Yes.  As the Court probably knows, there's a statute that discusses this under 18 U.S.C. 3005. And if the Court is going to be appointing another *Criminal Justice Act* attorney, I am already the learned counsel.  But we want to make sure that we get someone who's qualified and have done these types of cases before and can be helpful in what I

would call as more of the guilt part of the case as I'm working on the mitigation part of the case at this time.

So under that statute, we're supposed to confer with the federal defenders office.  And it's also customary that we also confer with the resource counsel.  Are you familiar with the Resource Counsel Program?

**THE COURT:**  I am not.  And have you, in fact, conferred?

**ATTORNEY SAKIN:**  Yeah.  I've spoken to the resource counsel and with the federal defender's office.  I was going to wait and to see what the ruling was today.  So before the Court was to appoint someone else, if that's where the Court's going to go with that, I will ask a little bit of time to take care of that, to maybe arrange who would be appropriate for the case and make that recommendation to the Court through the federal defender and the resource counsel also.  I could get somebody who can meet the client to make sure it should be a good relationship with everyone.

**THE COURT:**  Of course.  And I believe that -- that your interest and certainly the Court's interest are aligned in terms of insuring that the attorney who is appointed are not only well qualified but certainly has prior defense experience in capital cases and has the training and commitment to serve in this very highly specialized and demanding case.  So I do have the list for this week.  My inclination, although I

certainly would want to give you an opportunity to confer and give the Court a recommendation, but my inclination from the list before the Court is there is an attorney, Bruce Fleisher, that I do know from experience has that type of experience and he happens to be on the list for this week.

ATTORNEY SAKIN:  If the Court doesn't mind, if you could just give me about a week and I can make the conferences and do what I think I need to do and I can get back to the Court about this.  I didn't want to be premature and not knowing how the Court was going to rule with respect to the issue before the Court today.

THE COURT:  Well, where does the defendant stand with regard to this second motion?  There are two motions before the Court.

ATTORNEY SAKIN:  Right.  As each of the attorneys, yes. My client's position is -- I've discussed this with her, she does not want either of the attorneys to remain in the case. She would prefer for them to be removed from the case.  She has a lot of reasons why she would like to have them removed from the case.  I don't know if the Court wants to hear the various reasons.  I can certainly articulate them to the Court very briefly.  But the client feels that they aren't -- they should no longer be involved in her case.

THE COURT:  But there is no reason why the Court would appoint two *Criminal Justice Act* attorneys merely because two

of the attorneys are requesting to withdraw based on a conflict, correct?

**ATTORNEY SAKIN:**  No.  The law provides two attorneys total.

**THE COURT:**  That's correct.

**ATTORNEY SAKIN:**  That's correct.  Learned counsel and someone else to replace the current two, who I assume you may be discharging from the case.

**THE COURT:**  Well, are there any unique matters that would need to be brought to the Court's attention?  It would appear based on the motions that they should be granted and that the Court should insure that an appointment is made forthwith so that the case proceeds on this track.

So Mr. Sakin, I certainly will grant you the time.  Did you want to submit a notice to the Court as to your recommendation following your conferral?

**ATTORNEY SAKIN:**  Well, I will.  I will submit -- I will submit something to the Court.  I will submit something in writing to the Court.  I will have it approved or certainly confer with the resource counsel and the federal defender's office, and the Court can make a decision, I assume, based on that.  But it will be someone whom we know that is qualified and someone who can at least meet the client prior to the Court's introduction or the Court's appointment.

**THE COURT:**  Well, I am concerned about the time period.

Is there a reason why you can't expedite your conferral so that you --

**ATTORNEY SAKIN:**  Well, I'll move it along as much as possible.  I've done a lot of work in this case.  I'm certainly aware of the case and the mitigation.  We have prepared a lot in this case.  So the case is forging ahead.  It's not like we've been waiting to do things.

One of the problems in the case with the client and the current attorneys is the lack of them meeting with her, going over things with her and where things haven't been done as prompt as they should be.  I've taken care of those matters so we can get input back from Ms. Kol as to discovery and other aspects of the case.  So we had been working on that and I think we've forged ahead pretty well so far.

So the fact that it might take me a few days I don't think should have any prejudice or impact upon the case or with the client for that matter.

**THE COURT:**  All right.  Can we say by Tuesday, the 21st, if you'll submit that notice to the Court?

**ATTORNEY SAKIN:**  Certainly.

**THE COURT:**  I know that Monday is a holiday.

**ATTORNEY SAKIN:**  Make it Wednesday then?

**THE COURT:**  Of course.  The 22nd?

**ATTORNEY SAKIN:**  Yes, please.

**THE COURT:**  And do you see any issue for the Court to

be aware of in granting each of those motions and you would remain as learned counsel and there would be that very short gap until the Court makes the appointment on the 22nd?

**ATTORNEY SAKIN:**  I intend to remain in the case until the matter is resolved or until I'm discharged by the Court. My relationship with Ms. Kol is very good.  Also, I have met all the family members who we're using for mitigation.  So like I said, we've done a lot in the case.

The only aspect of this which is not my business, is that Ms. Kol and the one who paid for the attorneys, her mother, are complaining about the what they paid and that, in their view, nothing was done and that they should receive money back, what was paid.  But I advised, in general, the Court does not get involved in that.  But I know that's definitely an issue with the client and of course with her mom who paid the fees to the attorneys.  I have no position on that, obviously.

**THE COURT:**  Well, certainly the Court does not get involved in any contractual issues related to privately retained attorney and the client as well.  It does beg the obvious question whether Ms. Kol has the means to hire her own attorney.

**ATTORNEY SAKIN:**  I've spoken to Ms. Kol.  She doesn't have any money at all.  I went over everything.  She has no money in the back.  She has no real estate, no jewelry.  She has no assets whatsoever.  The monies that were used to pay the

two other attorneys came from her mother.  I spoke to her mother also about hiring another counsel for substituting counsel.  She said she doesn't have any money for that right now.  She spent that money for the two current attorneys and she would have to proceed under the CJA.

THE COURT:  Ms. Kol, that was gratuitous on behalf of your family.  They were not assets that you owned?

THE DEFENDANT:  No, Your Honor.

THE COURT:  All right.  And do you have any objection to your attorneys withdrawing as counsel of record?

THE DEFENDANT:  No, Your Honor.

THE COURT:  And are you requesting that the Court appoint an attorney to represent you through the *Criminal Justice Act?*

THE DEFENDANT:  No, Your Honor.

THE COURT:  And do you have any objection to the Court waiting for Mr. Sakin's suggestion, based on his conferral, as to an attorney to the appointed to represent you?

THE DEFENDANT:  No, Your Honor.

THE COURT:  All right.  And you understand that the Court will enter that order once I receive Mr. Sakin's recommendation?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Did you have any questions, Ms. Kol?

THE DEFENDANT:  No, Your Honor.

**THE COURT:**  Then Docket Entry 41 and 38 are granted and the attorneys no longer have any obligation in this case.  And Mr. Sakin, as you stated, you certainly will remain as learned counsel on, and I hope to receive that recommendation on the 22nd.  And the Court will enter an order appointing an attorney, an appropriate attorney, to represent Ms. Kol under the *Criminal Justice Act*.

**ATTORNEY SAKIN:**  Ms. Kol has asked me to ask the Court, to ask the attorneys if they could furnish like me or the new lawyer, probably me at this point, whatever work product they developed with the statements, et cetera.  If they have anything like that so that we have it so we don't have to duplicate the work that was already done by the other attorneys.

**THE COURT:**  Yes.  Of course.

And all of the discovery, other information, including work product, if the attorneys, specifically the attorneys that are before the Court that are seeking to withdraw, Mr. Malove and Ms. Yakolev, if you will provide that to counsel of record that will be appointed on the 22nd.

Is that understood?

**ATTORNEY YAKOVLEV:**  Yes, Your Honor.

**THE COURT:**  Okay.  If we could bring back Ms. Dodin and let her know that we are done with the proceedings.

(Whereupon, proceedings resuming within the presence of

the U.S. Attorney's Office.)

**THE COURT:**  Ms. Dodin, welcome back.

The Court has granted both of the motions to withdraw. Mr. Sakin is going to provide a notice to the Court with regard to a recommendation for an attorney under the *Criminal Justice Act* that will be suited to handle this case, and the Court will enter at that order on Wednesday on January 22nd.

The Court will keep this on for status conference.  It is scheduled by way of a Docket Entry 33 for status conference on August 20th at 9:00.  And I'll see the attorneys at that time.

**AUSA DODIN:**  Yes, Your Honor.  Thank you.

**THE COURT:**  Is there anything further in Ms. Kol's case?

**ATTORNEY SAKIN:**  Not on behalf of myself and Ms. Kol.

**AUSA DODIN:**  And nothing from the Government, Judge. Thank you.

**THE COURT:**  All right.  Have a nice afternoon.

**AUSA DODIN:**  You too.

(Proceedings concluded at 10:55 a.m.)

C E R T I F I C A T E

I certify that the foregoing pages represent a true and correct transcript of the official electronic sound recording as provided to me by the U.S. District Court, Southern District of Florida, as taken on the date and time previously stated in the above matter.

I certify that the foregoing pages represent a true and correct transcript of the above-styled proceedings as reported on the date, time, and location listed.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was reported, and further that I am not financially nor otherwise interested in the outcome of the above-entitled matter.

/s/Quanincia S. Hill, RPR
Quanincia S. Hill, RPR, GCRR
Official Court Reporter
Southern District of Florida