UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **1:24-cr-20264-BB**

**UNITED STATES OF AMERICA**,

vs.

**TSVIA KOL**,

 *Defendant.*

_____/

## <u>DEFENDANT KOL'S MOTION TO DISMISS COUNT II OF THE INDICTMENT AS BARRED BY THE DOUBLE JEOPARDY CLAUSE</u>

Defendant, TSVIA KOL, through undersigned counsel, respectfully moves this Court to dismiss Count II of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b) and the Fifth Amendment to the United States Constitution, and in support thereof states as follows:

### INTRODUCTION

The Indictment charging Defendant with 18 U.S.C. § 924(j), and the lesser-included offense of 18 U.S.C. § 924(c), is constitutionally defective. Congress did not intend Defendant to be cumulatively convicted and punished for violations of 18 U.S.C § 924(c) and 18 U.S.C. § 924(j), arising from the same conduct. Prosecution of both counts therefore violates the prohibition against Double Jeopardy.

1

## PROCEDURAL HISTORY

1.      On June 20, 2024, Defendant, Tsvia Kol, and codefendant, Jimmy Sanchez, were charged in a three-count Indictment in the Southern District of Florida. The Indictment charges both defendants with:

- Count I – Conspiracy to Possess with Intent to Distribute a Controlled Substance (21 U.S.C. § 846)

- Count II – Discharge of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)(iii))

- Count III – Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c) (18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1))

(DE: 1).

2.      The conduct comprising Counts II and III arise from what the Government alleges to be the shooting[1] of Julio Gonzalez on November 29, 2022, at the Aladdin Hotel in Miami Springs, Florida, which resulted in Julio's death. The Government further claims the shooting of Julio Gonzalez was during and in furtherance of a drug trafficking crime.

3.      Count II of the Indictment specifically alleges:

On or about November 29, 2022, in Miami-Dade County, in the Southern District of Florida, the defendants, Tsvia Kol and Jimmy Sanchez, did knowingly use and carry a firearm during and in relation to a drug trafficking crime, and did knowingly possess said firearm in furtherance of a drug trafficking crime, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, as set forth in

---

[1] The Government believes codefendant, Jimmy Sanchez, is the shooter.

2

Count 1 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(l)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), it is further alleged that the firearm was discharged.

(DE: 1).

4.    Count III similarly provides:

On or about November 29, 2022, in Miami-Dade County, in the Southern District of Florida, the defendants, Tsvia Kol and Jimmy Sanchez, did knowingly use and carry a firearm during and in relation to a drug trafficking offense, and did knowingly use and possess a firearm in furtherance of a drug trafficking offense, an offense for which the defendants may be prosecuted in a court of the United States, that is, for a violation of Title 21, United States Code, Section 846, as set forth in Count 1 of this Indictment, and in the course of this violation of Title 18, United States Code, Section 924(c), caused the death of a person, "J.G.," through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111; in violation of Title 18, United States Code, Sections 924(c)(l)(A), 924(j)(l), and 2.

(DE: 1).

5.    For the reasons discussed below, cumulative convictions and punishments for Counts II and III equate to Defendant being prosecuted twice for the same crime, violating the guarantee against double jeopardy secured in the Fifth Amendment to the United States Constitution.

3

**MEMORANDUM OF LAW**

**I.      The Fifth Amendment's Double Jeopardy Clause Generally Prohibits Cumulative Convictions and Punishments for Greater and Lesser Included Offenses.**

The Fifth Amendment to the United States Constitution provides, in relevant part: "No person shall be … subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

The seminal case of *Blockburger v. United States,* provides the benchmark in assessing whether two criminal charges constitute the "same offense" for the purpose of double jeopardy:

> "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. 299, 304 (1932).

In line with the test established in *Blockburger*, greater and lesser included offenses are considered the same offense, since a lesser offense "requires no proof beyond that which is required for conviction of the greater." *Brown v. Ohio*, 432 U.S. 161, 168 (1977) ("The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it."); *See also Rutledge v. United States*, 517 U.S. 292, 297 (1996) ("In subsequent applications of the [*Blockburger*] test, we have often concluded that two different statutes define the same offense, typically because one is a lesser included offense of the other.").

4

The guarantee against double jeopardy protects a defendant not only from a second trial for the same offense, but also multiple punishments for the same offense. *Whalen v. United States*, 445 U.S. 684, 688 (1980); *Brown v.* Ohio, 432 U.S. at 169 (The Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense).

The Supreme Court in *Whalen* explained that the *Blockburger* rule is a rule of statutory construction consistently relied upon to determine whether Congress has in a given situation provided that two statutory offenses may be punished cumulatively. 445 U.S. at 691. The assumption underling *Blockburger* is that "Congress does not ordinarily intend to punish the same offense under two different statutes." *Id.* Thus, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent. *Id.*

Although the *Blockburger* test is not controlling where there is a clear indication of contrary legislative intent, in the event of congressional silence it is assumed that Congress is aware of the *Blockburger* rule and legislates with it in mind. *Albernaz v. United States*, 450 U.S. 333, 341-42 (1981). If a person is convicted of a greater and lesser included offense, courts "presume[e] that Congress intended to authorize only one punishment." *Rutledge*, 517 U.S. at 307. Accordingly, where punishment is not authorized for the same offense, the only remedy consistent

5

with congressional intent is to vacate one of the underlying convictions as well as the sentence based upon it. *See id.* This is true even where the second conviction results in no greater sentence. *Rutledge*, 517 U.S. at 302 (1996) (*citing Ball v. United States*, 470 U.S. 856, 864-65 (1985).

> **II.    The Double Jeopardy Clause Prohibits Cumulative Convictions and Punishments for the Greater and Lesser Included Offenses of 18 U.S.C. § 924(c) and § 924(j).**

Defendant Kol asserts the Double Jeopardy Clause prohibits two convictions and two sentences for an act which violates both 18 U.S.C. § 924(c) and 18 U.S.C § 924(j) – an issue identical to that which is currently pending before the Supreme Court of the United States. *United States v. Barrett*, No. 24-5774, arising from the Second Circuit Court of Appeals, is scheduled for Oral Argument on October 7, 2025, to determine: "Whether the Double Jeopardy Clause permits two sentences for an act that violates 18 U.S.C. § 924(c) and § 924(j)."

The prevailing position in the federal courts of appeal, which Defendant herein endorses, is that convictions under both § 924(c) and § 924(j), arising from the same conduct, violate double jeopardy. *See United States v. Palacios*, 982 F.3d 920, 925 (4th Cir. 2020) ("We have no trouble now joining the [First, Fifth, Sixth, and Ninth] circuits in holding that the Double Jeopardy Clause prohibits imposition of cumulative punishments for § 924(c) and § 924(j) convictions based on the same conduct"); *United States v. Gonzalez*, 841 F. 3d 339 (5th Cir. 2016) (Since "section

924(j) amounts to the 'same offense' as section 924(c) for purposes of Double Jeopardy… [t]he Double Jeopardy Clause requires that we vacate Olgin's section 924(c) conviction for brandishing"); *United States v. Cervantes*, 2021 U.S. App. LEXIS 19324 at *25 (9th Cir. June 29, 2021) (holding defendant's convictions and sentences on both counts of § 924(c) and § 924(j) based on the same underlying murder violated "the aspect of the Double Jeopardy Clause protecting against multiple punishments"); *United States v. Wilson*, 579 F. App'x 338 (6th Cir. 2014) ("defendant's conviction under both 18 U.S.C. § 924(c) and 924(j) violated the Double Jeopardy Clause, as § 924(c) was a lesser included offense of § 924(j)"); *United States v. Garcia-Ortiz*, 657 F.3d 25 (1st Cir. 2011) (annulling the conviction and sentence for the § 924(c) count because it was a lesser included offense of the § 924(j) count); *United States v. Ortiz-Orellano*, 90 F.4th 689 (4th Cir. 2024) ("the proper remedy pursuant to *Palacios* is to dismiss Count 9 – the § 924(c) count").

The Government has also overwhelmingly agreed with defendants and the courts that cumulative convictions under § 924(c) and § 924(j) violate double jeopardy. *See Palacios*, 982 F.3d at 925 (noting that in a number of cases before appellate courts since at least 2014, the government has argued or conceded that the imposition of cumulative punishments for convictions of § 924(c) and § 924 (j) violates the Double Jeopardy Cause); *Gonzalez*, 841 F.3d at 358 (recognizing the government's view that there is insufficient indication Congress intended sentences

to be imposed under both section 924(j) and the lesser included offense of subsection 924(c) for the same conduct to overcome the *Blockburger* presumption); *Cervantes*, 2021 U.S. App. LEXIS 19324 at *25 (government concedes the district court plainly erred by entering judgments of conviction on both 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j)). Thus, it appears the official Department of Justice position is that Defendant Kol may be convicted and punished for either § 924(c) or § 924(j) – but not both.

While this matter is pending before the U.S. Supreme Court, the Justice Department has refused to defend the Second Circuit's ruling. Rather, the Justice Department, as respondent, filed its Brief in clear support of petitioner Barrett's assertion of a double jeopardy violation. In light of this, the Supreme Court appointed an outside attorney as amicus curiae to argue in support of the Second Circuit's decision.

The Eleventh Circuit has not squarely confronted the issue of whether the Double Jeopardy Clause permits cumulative convictions and sentences for violations of 18 U.S.C. § 924(c) and (j), arising from the same underlying conduct. To the extent the Court opined on this matter in *United States v. Julian*, this was merely

dicta, and accordingly, not binding precedent.[2] The lack of precedential value of the *Julian* Court's statements was confirmed several years later, in *United States v. Campo*[3], wherein the defendant asserted that the district court violated the Double Jeopardy Clause when it sentenced him to consecutive sentences for violations of 18 U.S.C. § 924(c) and § 924(j). However, because the defendant in *Campo* failed to properly raise the double jeopardy issue before the district court, his claim on appeal was limited to plain error[4] review, for which he could not show precedent from the Supreme Court or the Eleventh Circuit "directly resolving the issue in his favor." *Id.* at 1267.

Congress could have authorized cumulative punishments for convictions under Section 924(c) and 924(j) had it chosen to do so; but the plain language of

---

[2] In *United States v. Julian*, 633 F.3d 1250 (11th Cir. 2011), the defendant's § 924(c) and § 924(j) violations were contained in the same, rather than separate counts. Unlike the instant Motion, the question in *Julian* required the Court to determine whether 18 U.S.C. § 924(j) is bound by the consecutive sentence mandate in 18 U.S.C. § 924(c)(1)(D)(ii) – a question that would later be taken up by the Supreme Court in *Lora v. United States*, 599 U.S. 453 (2023). The Court in *Lora,* consistent with *Julian,* confirmed that § 924(c)'s bar on concurrent sentences does not extend to 18 U.S.C. § 924(j).

[3] 840 F.3d 1249 (11th Cir. 2016).

[4] "It is the law of this circuit that, at least where the explicit language of the statute or rule does not resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Campo*, 840 F.3d at 1247.

Section 924(j) indicates no such desire. *United States v. Garcia-Ortiz,* 657 F.3d 25, 28 (1st Cir. 2011); *See United States v. Gozalez*, 841 F.3d 339, 357 (5th Cir. 2016) ("The express language demonstrating the legislature's intent for cumulative punishment is absent in section 924(j)").

The presumption created by *Blockburger* – that Congress intended only one conviction and one punishment where two statutory provisions proscribe the "same offense" – applies with full force to 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j). Sections 924(c) and (j) do not have distinct elements. Section 924(j) requires proof of a fact – a firearm-related death – which Section 924(c) does not. But Section 924(c) does not require proof of any element that Section 924(j) does not also require.

A clear congressional instruction to impose multiple punishments for a fatal shooting and the lesser included gun possession is reflected in a separate paragraph of Section 924(c) – 18 U.S.C. § 924(c)(5) – than that which Defendant is charged. In 2005, Congress amended § 924(c) to allow multiple punishments for fatal gun use— if the "death results from the use of [armor piercing] ammunition." Pub. L. No. 109-92 § 6(b), 119 Stat. 2102. Specifically, Congress added § 924(c)(5), which provides that someone who commits a violent or drug crime with "armor piercing ammunition ... shall, in addition to the punishment provided for such crime … (A) be sentenced to a term of imprisonment of not less than 15 years; **and** (B) if death

10

results from the use of such ammunition," and the "killing is murder (as defined in section 1111), be punished by death or sentenced to a term of imprisonment for any term of years or for life," or "if the killing is manslaughter (as defined in section 1112), be punished as provided in [that] section." 18 U.S.C. § 924(c)(5) (**bold added***)*. Multiple punishments for a fatal shooting are thus required if armor piercing ammunition is used. But no provision permits multiple punishments if such ammunition is not used.

The Supreme Court has also differentiated § 924(j) from § 924(c)(5). While "Section 924(c)(5) groups . . . penalties together," *Lora v. United States*, 599 U.S 453, 461 (2023) – one for the underlying "crime of violence or drug trafficking crime," one term of "imprisonment of not less than 15 years" for having "armor piercing ammunition," and one for either "murder" or "manslaughter" if "death results from the use of such ammunition," § 924(c)(5) – "subsection (j) is cast from a different mold." *Id.* at 461. Section § 924(c)(5) "shows how Congress could have constructed penalties that might ultimately add together. Yet, Congress did not implement that design in subsection (j)." *Id.*

The absence of any express authorization for multiple punishments under Sections § 924(c) and (j) is all the more instructive where Section 924(c)(1)(A) itself expressly authorizes cumulative punishments for a class of offenses that does *not* include Section 924(j) crimes. Under the statute, punishment for violating Section

11

924(c)(1)(A) shall be "in addition to the punishment provided for [the] crime of violence or drug trafficking crime" that underlies it. 18 U.S.C. § 924(c)(1)(A). Without that proviso, the *Blockburger* rule might preclude cumulative punishment for both a Section 924(c) violation and its predicate, because proof of the Section 924(c) violation requires proof of every element of the underlying crime. *See Mo. v. Hunter*, 459 U.S. 359, 368-69 (1983). But the proviso does not apply to a Section 924(j) violation.

"[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Julian*, 633 F.3d at 1250 (*internal citations omitted*). Congress has intentionally authorized cumulative punishment for the "crime of violence" or "drug trafficking crime" underlying a Section 924(c) violation, but not the "violation of subsection (c)" underlying a Section 924(j) violation.

## CONCLUSION

Applying the controlling principles of *Blockburger* and its progeny, the Indictment currently charging Defendant, Tsvia Kol, contains multiplicitous counts. The proper remedy consistent with congressional intent, and pursuant to Fed. R. Crim. P. (12)(b) and the Fifth Amendment to the U.S. Constitution, is to vacate Count II of the Indictment, charging Defendant with violating 18 U.S.C. §

12

924(c)(1)(A)(iii).

Pursuant to *Local Rule* 88.9(a), undersigned counsel attempted in good faith to confer with the Prosecutors by e-mail to determine their position on the matter, but the position remains unknown.

**WHEREFORE**, for the foregoing reasons, Defendant Kol respectfully moves this Court to dismiss Count II of the Indictment.

Respectfully submitted,

SCOTT W. SAKIN, P.A.
CJA Learned Counsel for Tsvia Kol
2883 Executive Park Drive, Suite 104
Weston, Florida 33331-3662
Tel. (954) 779-7879
Tel. (305) 545-0007
E-mail: scott@sakinlaw.com

By: __*/s Scott W. Sakin*_____
        SCOTT W. SAKIN
        Florida Bar No. 349089

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the CM/ECF system and copies of same distributed to all counsel of record and all known interested parties on this 6th day of October, 2025.

By: __*/s Scott W. Sakin*_____
        SCOTT W. SAKIN
        Florida Bar No. 349089

13