**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20264-CR-BLOOM**

**UNITED STATES OF AMERICA**

**v.**

**TSVIA KOL,**

     **Defendant.**

_____/

**THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION**
**TO THE DEFENDANT'S MOTION TO DISMISS**

For decades, the United States Supreme Court and federal appellate courts around the country have repeatedly affirmed two legal principles that—taken together and in their own right—compel the denial of the Defendant's Motion to Dismiss [ECF No. 77] (the "Motion").

The first principle pertains to the Fifth Amendment's Double Jeopardy Clause. That Clause, it is clear, does not bar a defendant from facing simultaneous prosecutions for what constitutes the same offense, so long as cumulative punishment is not imposed. *See, e.g., Ohio v. Johnson*, 467 U.S. 493, 500 (1984); *Ball v. United States*, 470 U.S. 856, 860 n.7 (1985); *United States v. Lewis*, 492 F.3d 1219, 1222–23 (11th Cir. 2007); *United States v. Josephberg,* 459 F.3d 350, 355 (2d Cir. 2006). The second principle pertains, more broadly, to "prosecutorial choice." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). It signifies that prosecutors—not criminal defendants—get to choose whether to bring charges and, where an act violates more than one criminal statute, which charges to bring. *See id.* (cleaned up); *see also United States v. Cespedes*, 151 F.3d 1329, 1332–34 (11th Cir. 1998).

The Motion omits any discussion about either of these principles. But it cannot overcome them. As a result, and as explained more fully herein, the Court should deny the Motion in full.

1

## I.        PROCEDURAL BACKGROUND

### A.        The Indictment

In this case, the Defendant is charged with three crimes: (1) Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 ("Count 1"); (2) Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count 2"); and (3) Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) ("Count 3"). *See generally* Indictment [ECF No. 1].   Counts 2 and 3 arise out of the same event: the fatal shooting of "J.G." at a hotel in Miami Springs, Florida, on November 29, 2022.   *See* Indictment at 2–3.

### B.        The Motion

The overlap between Counts 2 and 3 of the Indictment, according to the Defendant, necessitates the pretrial dismissal of Count 2—a claim she attempts to substantiate in two steps. First, she authors a Memorandum of Law explaining that the Double Jeopardy Clause generally prohibits cumulative convictions and punishments for greater and lesser included offenses.   *See* Motion at 4–12.   Her memorandum on these points appears accurate, and it recognizes that the Supreme Court will soon decide the question of whether a defendant can be cumulatively punished under the statutes charged in Counts 2 and 3 of this Indictment: 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j).   *See id*. at 6 (citing *United States v. Barrett*, No. 24–5774).

But the Defendant falters at the second step, where she summarily concludes that *the Indictment* is "constitutionally defective," *id*. at 1; that it "violates the prohibition against Double Jeopardy," *id*.; and that it "contains multiplicitous counts," *id*. at 12.   To be sure, she does not articulate why "[t]he proper remedy . . . is to vacate Count [2] of the Indictment."   *Id*.   And, as discussed below, the law makes plain that such a result would be incorrect.

2

## II.        LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows a defendant to claim a defect in an indictment.    FED. R. CRIM. P. 12(B)(3)(B).    "The sufficiency of a criminal indictment is determined from its face."    *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004).    "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."    *United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir.1999) (cleaned up).

A defendant may specifically allege that an indictment is defective because it charges "the same offense in more than one count (multiplicity)."    FED. R. CRIM. P. 12(B)(3)(B)(II).    But "[t]he principal danger in multiplicity—that the defendant will be given multiple sentences for the same offense—can be remedied at anytime by merging the convictions and permitting only a single sentence."    *United States v. Langford*, 946 F.2d 798, 804 (11th Cir. 1991) (quoting *United States v. Reed*, 639 F.2d 896, 904 n.6 (2d Cir. 1981)).    "Although in a rare case that risk might justify requiring the government to elect or consolidate counts at trial, it does not justify dismissing well-pleaded counts in an indictment."    *United States v. Webber*, 255 F.3d 523, 527 (8th Cir. 2001) (citing *United States v. Ketchum*, 320 F.3d 8 (2d Cir. 1963)).

[SPACE INTENTIONALLY LEFT BLANK]

### III.     ARGUMENT

As an initial matter, the Motion hardly resembles what it purports to be: a motion to dismiss brought under Federal Rule of Criminal Procedure 12.   The Defendant does not, for example, make any of the arguments recognized in *Steele*: (1) that the Indictment fails to allege the essential elements of its offenses; (2) that it fails to notify her what she is accused of; or (3) that it may fail to bar a subsequent prosecution against her for the same offenses.   *See* 178 F.3d at 1233–34. Nor does the Defendant make a true "multiplicity" argument by claiming that the Indictment alleges one crime across two counts.   *See, e.g., United States v. Bradsby*, 628 F.2d 901, 905 (11th Cir. 1984) (explaining that it was improper to charge three counts of conspiracy where "[t]here was only one agreement"); *United States v. Mastrangelo*, 733 F2d. 793, 800–02 (11th Cir. 1984) (holding that it was improper to charge two violations of 18 U.S.C. § 922(a)(6) based on "[t]he making of false statements and the exhibiting of false identification concerning the same material fact and the same firearm").

What the Motion *is*, then, is something entirely different.   It is premised on the Double Jeopardy Clause, which addresses unconstitutional punishment as opposed to defective pleading. Indeed, the Motion's central contention—that the Double Jeopardy Clause's prohibition on cumulative punishment requires the pretrial dismissal of Count 2 of the Indictment in this case— is refuted by nearly a half-century's worth of precedent from the Supreme Court and several circuit courts.

This precedent leads to the conclusion that, even assuming that 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j) are the "same offense" under the Double Jeopardy Clause, the Government need not, as the Defendant suggests, *dismiss* one of them before trial even begins.

**A.**     **The Court should deny the Motion because the Double Jeopardy Clause does not prohibit simultaneous prosecutions for the same offense.**

The Double Jeopardy Clause, contained within the Constitution's Fifth Amendment, states: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V.   It has been held to "afford a defendant three basic protections: It protects against a second prosecution for the same offense after acquittal.   It protects against a second prosecution for the same offense after conviction.   And it protects against multiple punishments for the same offense."   *Johnson*, 467 U.S. at 497–98 (internal citations omitted).     The "long-settled rule [is] that an 'offence' for double jeopardy purposes is defined by statutory elements, not by what might be described in a looser sense as a unit of criminal conduct."   *Gamble v. United States*, 587 U.S. 678, 710 (2019) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)).[1]

But "the Clause does not prohibit . . . prosecuting . . . for such multiple offenses in a single prosecution."   *Id*. at 500; *see also Ball*, 470 U.S. at 860 n.7 ("The Double Jeopardy Clause imposes no prohibition to simultaneous prosecutions."); *Lewis*, 492 F.3d at 1223 ("The Double Jeopardy Clause . . . protects defendants against *successive* prosecutions, not *simultaneous* ones." (quoting *United States v. Schlaen*, 300 F.3d 1313, 1317 (11th Cir. 2002) (emphasis in original)).   Put another way, "[w]here there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed."   *Josephberg,* 459 F.3d at 355 (2d Cir. 2006).

---

[1] Because a violation of 18 U.S.C. § 924(j) occurs "in the course of" a violation of 18 U.S.C. § 924(c), some courts—but not all—have interpreted them as greater and lesser-included offenses of each other and, therefore, as the "same offense" for purposes of the Double Jeopardy Clause. *Compare United States v. Palacios*, 982 F.3d 920, 924–25 (4th Cir. 2020) *and United States v. Gonzales*, 841 F.3d 339, 358 (5th Cir. 2016) *with United States v. Julian*, 633 F.3d 1250, 1256–57 (11th Cir. 2011).   The Supreme Court has not yet answered this question, *see Lora v. United States*, 599 U.S. 453, 461 (2023), though it is poised to do so in *Barrett*.   Because the Government has taken the position in *Barrett* that the offenses *are* the same for the Double Jeopardy purposes, the Government will assume that they are for purposes of this Response.

5

*Johnson*, *Ball*, *Lewis*, and *Josephberg* all stand for the proposition that, even if a defendant cannot be cumulatively punished for a group of offenses under the Double Jeopardy Clause, he may still be prosecuted for them.

In *Johnson*, the Supreme Court reversed the dismissal of murder and aggravated-robbery charges against a defendant who had already pled guilty (in the same prosecution) to involuntary-manslaughter and theft charges because there had "been none of the governmental overreaching that double jeopardy is supposed to prevent." 467 U.S. at 500–02; *see also Lewis*, 492 F.3d 1222–23 (explaining that the Government could continue to prosecute a defendant for a firearm offense under 18 U.S.C. § 924(c) even where the defendant had already pled guilty to the crime of violence—a Hobbs Act Robbery—underlying the firearm offense).

Similarly, in *Ball*, the Court held that a defendant could be simultaneously prosecuted under two, independent statutes that criminalized receiving and possessing firearms "because there is no bar to the Government's proceeding with prosecution simultaneously under the two statutes." 470 U.S. at 860; *see also Josephberg*, 459 F.3d at 355–56 (reversing the dismissal of an obstruction charge under Title 26—in a case where a defendant was charged with several other Title 26 offenses, including tax evasion—after observing that the two statutory sections operated independently of one another); *United States v. Kaiser*, 893 F.3d 1300, 1303 (11th Cir. 1990) (noting that a defendant could be charged with, but not cumulatively punished for, both the greater offense of tax evasion and the lesser-included offense of filing a false tax return).

Applying all those cases to this one, it is obvious that—even assuming that this Defendant cannot be cumulatively punished under both 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j)—she can certainly be charged in the same Indictment with violating both statutes because, it bears repeating, the Double Jeopardy Clause does not prohibit simultaneous prosecutions for the same offenses.

In other words, the Indictment itself does not threaten any of the three protections that the Double Jeopardy Clause affords the Defendant.  As a single charging document, it does not threaten the Defendant with a second prosecution for the same offenses after an acquittal, and it does not threaten her with a second prosecution for the same offenses following a conviction. Nor does the pleading threaten multiple punishments for the same offense because, if the Defendant is convicted on all three counts, this Court can simply enter judgment on two of them at sentencing (either on Counts 1 and 2, or on Counts 1 and 3).

The courts have approved that practice for years.  *See, e.g., Ball*, 470 U.S. at 865 ("If, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense.  Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses."); *United States v. Gaddis*, 424 U.S. 544, 550 (1976) (explaining that the Government can proceed to trial on multiple types of violations of the bank robbery statute, so long as the defendant is not ultimately convicted of and punished for all those violations); *United States v. McCafferty*, 482 F. App'x 117, 126 (6th Cir. 2012) ("The Supreme Court has instructed that the proper remedy for multiplicitous counts may include allowing the jury to consider all counts that are reasonably supported by the evidence and addressing any multiple-punishment issues at sentencing by merging overlapping convictions." (citing *Ball*, 470 U.S. at 864–65)); *United States v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012) ("Multiplicity is not fatal to an indictment.  Indeed, the government may submit multiplicitous charges to the jury.  But multiplicitous sentences violate the Double Jeopardy Clause, so if a defendant is a convicted of both charges, the district court must vacate one of the convictions[.]" (cleaned up)).

7

In contrast, courts have strongly disfavored pretrial dismissal of allegedly multiplicitous charges.   *See Josephberg*, 459 F.3d at 355 (holding that pretrial dismissal, on Double Jeopardy grounds, of one count of a 17-count indictment was "at best premature"); *see also United States v. Platter*, 514 F.3d 782, 787 (8th Cir. 2008) (affirming the denial of a "motion to compel the Government to elect one theory of prosecution" and explaining that "the proper remedy when a defendant is convicted of multiplicitous counts is merger of the counts into one count").

The bottom line is this: the Double Jeopardy Clause, though it certainly guards against cumulative punishment for greater and lesser-included offenses, has *never* been held to require their dismissal before trial.   And that is reason enough to deny the Motion.

**B.      The Court should deny the Motion because prosecutors have discretion to determine whether and how to charge criminal defendants.**

Another reason to deny the Motion is the related principle of "prosecutorial choice," *Batchelder*, 442 U.S. at 124, which the *Ball* Court explicitly referred to when it reiterated that "the Double Jeopardy Clause imposes no prohibition to simultaneous prosecutions."   470 U.S. at 860 n.7.

Prosecutorial choice means what it says.   "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *Batchelder*, 442 U.S. at 124 (internal citations omitted).   "[W]hen an act violates more than one criminal statute, the Government may prosecute[ ] under either so long as it does not discriminate against any class of defendants."   *Id*. at 123 (internal citations omitted).   The *Batchelder* Court even observed that prosecutors, when making charging decisions, can "be influenced by the penalties available upon conviction, [since] this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause."   *Id*. at 125.   Which is why the Court, in that case, unequivocally reversed an appellate court's application of a two-year sentence,

codified in one statute, to a defendant who had been convicted under a separate statute (that punished the same conduct) and sentenced to five years' imprisonment.   *See generally id*.

The Eleventh Circuit has echoed the principle of prosecutorial choice in several cases. *See Cespedes*, 151 F.3d at 1332–34 (affirming the constitutionality of 21 U.S.C. § 851 and stating that "[t]he Supreme Court has unambiguously upheld the prosecutor's ability to influence the sentence through the charging decision"); *United States v. Harden*, 37 F.3d 595, 598 (11th Cir. 1994) (holding that a defendant's due process rights were not violated simply because he was prosecuted in federal court, as opposed to state court, and explaining that, "[p]rovided that the prosecutor has probable cause to believe that an individual committed an offense prohibited by statute, the decision whether to prosecute and what charge to file or present to a grand jury are subject to prosecutorial discretion."); *United States v. Tomeny*, 144 F.3d 749, 752–53 (11th Cir. 1998) (rejecting a defendant's argument that a "more lenient" statute preempted a "more severe" statute).

And prosecutorial choice matters here because, in essence, the Motion contemplates that it does not exist.   By claiming that the Government cannot even bring charges under 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j) in the same indictment, the Defendant claims that *she* can "elect which of two applicable federal statutes shall be the basis of [her] indictment and prosecution . . . [and] which penalty scheme under which [she] will be sentenced."   *Batchelder*, 442 U.S. at 125 (cleaned up).   But "a defendant has no constitutional right" to do that.   *Id*.   Only the Government does.   Prosecutorial choice has been—and must continue to be—protected.   The way to do that is to allow the Government to proceed to trial on all three counts in the Indictment and, if the Defendant is convicted, merge those convictions to avoid cumulative punishment, as necessary.

## IV.      CONCLUSION

For the foregoing reasons, the Court should **DENY** the Defendant's Motion to Dismiss [ECF No. 77].

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:      */s/ Jacob Koffsky*
Jacob Koffsky
Monique Botero
Assistant United States Attorneys
U.S. Attorney's Office - SDFL
99 NE 4th Street
Miami, Florida 33132
305-961-9386
Jacob.Koffsky@usdoj.gov
Florida Bar. No. 1018115


DAVID L. JAFFE
CHIEF, VIOLENT CRIME AND
RACKETEERING SECTION
UNITED STATES DEPARTMENT OF
JUSTICE

By:      */s/ Jessica A. Massey*
Jessica A. Massey
Court ID No. A5503083
Trial Attorney
U.S. Department of Justice
Criminal Division
Violent Crime and Racketeering Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 262-9203
Jessica.Massey@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on October 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record.

*/s/ Jacob Koffsky*
Jacob Koffsky
Assistant United States Attorney