UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **1:24-cr-20264-BB**

**UNITED STATES OF AMERICA**,

vs.

**TSVIA KOL**,

> *Defendant.*
> _____/

## DEFENDANT KOL'S REPLY TO THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT KOL'S MOTION TO DISMISS COUNT II OF THE INDICTMENT

Defendant, TSVIA KOL*,* through undersigned counsel replies to the Government's Response opposing Defendant's Motion to Dismiss Count II of the Indictment (DE: 78), as follows:

The Government requests this Court deny Defendant Kol's Motion to Dismiss Count II on the following grounds: 1) Defendant has not made a true multiplicity argument; 2) Even if the counts are multiplicitous, dismissal is premature since multiple punishments can be remedied at sentencing; and 3) prosecutorial choice must be protected by allowing the Government to proceed to trial on all three counts in the Indictment.

The Court should resolve Defendant's objection to multiplicity at this time, which is properly raised and ripe at the pretrial stage. Contrary to the Government's

1

contention, prosecutorial choice will not be impacted by the relief Defendant is seeking, as dismissal of Count II does not preclude the Court from instructing the jury on the lesser-included offense. This is because Federal Rule of Criminal Procedure 31(c) empowers the Court to instruct on necessarily included offenses.

I. **The Indictment Charges Multiplicitous Counts Which Threatens the Protections Guaranteed by the Double Jeopardy Clause.**

An indictment is multiplicitous if it charges a single offense in more than one count. *United States v. Stapleton*, 39 F.4th 1320, 1328 (11th Cir. 2022). The Eleventh Circuit analyzes double jeopardy claims under the test articulated in *Blockburger v. United States*, 284 U.S. 299 (1932). The same *Blockburger* framework governs the determination of whether an indictment is multiplicitous—that is, whether each count requires proof of a fact that the other does not. *United States v. Jones*, 601 F.3d 1247, 1258 (11th Cir. 2010).

While an indictment containing multiplicitous counts is not *per se* prohibited by the Double Jeopardy Clause, it threatens the protections the Clause affords Defendant. Specifically, the protection against multiple punishments for the same offense. *See Stapleton*, 39 F.4th at 1258 (A multiplicitous indictment violates double jeopardy principles by giving the jury more than one opportunity to convict the defendant for the same offense); *United States v. Langford*, 946 F.2d 798 (11th Cir. 1991) (the principal danger in a multiplicitous indictment is that the defendant may receive multiple sentences for a single offense). A multiplicitous indictment not only

subjects the defendant to numerous sentences for one offense, but also "prejudice[s] the defendant and confuse[s] the jury by suggesting that not one but several crimes have been committed." *United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021) (*quoting United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008)).

Count II charging Defendant with Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and Count III charging Defendant with Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. §§924(c)(1)(A) and 924(j)(1) are multiplicitous counts under *Blockburger* because each offense does not require proof of different elements. In every respect relevant here, § 924(j) subsumes § 924(c); the only additional element is that the underlying conduct results in a death.

Notably, the Government concedes Count II and III are the same for purposes of Double Jeopardy. By doing so, the Government concedes Counts II and III are multiplicitous. However, the Government maintains dismissal at this juncture would be incorrect and that the proper remedy instead would be to wait until the principal danger of a multiplicitous indictment – cumulative punishment – has materialized before the Court takes corrective action. In short, the Government urges this Court to invite error that is surely prejudicial to Defendant and that a prudent exercise of judicial authority will avoid.

**II.**     **Pretrial Dismissal of Multiplicitous Counts Constitutes a Proper Remedy Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii).**

The Government contends that even if Counts II and III are multiplicitous, dismissal is premature and any problem can be remedied at sentencing. That argument disregards Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) which recognizes multiplicity as a defect in the indictment itself.

The Federal Rules of Criminal Procedure consider multiplicity a charging defect and requires Defendant raise this type of claim prior to trial. Fed. R. Crim. P. 12(b)(3)(B)(ii). A defendant's failure to object to a multiplicitous indictment pretrial constitutes a waiver of any alleged error in the indictment. *See United States v. Mastrangelo*, 733 F.2d 793 (11th Cir. 1984). The current timing requirement in Rule 12(b)(3)(B)(ii) further undermines the Government's position that Defendant's present Motion is premature or incorrect.

Although the trial court may have discretion to dismiss multiplicitous counts and elect on which counts the prosecution should proceed, *United States v. Reed*, 639 F.2d 896, 904 n.6 (2d Cir. 1981), this case requires dismissal due to prejudice that will inure to Defendant. This Court has previously exercised this very discretion in *United States v. Boutros*, No. 17-CR-80150-BLOOM, 2017 U.S. Dist. LEXIS 232292 (S.D. Fla. Dec. 20, 2017). *In Boutros*, the defendant moved, pretrial, to dismiss two counts of a superseding indictment on grounds of double jeopardy,

4

claiming they were multiplicitous. This Court utilized the *Blockburger* test, finding both counts required the same element of proof and therefore exposed the defendant to double jeopardy. *Id.* Accordingly, this Court granted the defendant's motion to dismiss and required the Government to elect on which count it would proceed to trial. *Id.*

The Court should be disinclined to recognize the error of a multiplicitous Indictment and, as the Government suggests, still ignore the error because it might be remedied at some later point in the prosecution.

### III. The Government's Prosecutorial Choice Will Not Be Impacted by the Relief Defendant is Seeking.

The Government claims prosecutorial choice must be protected by allowing it to proceed to trial on all three counts in the Indictment and, if the Defendant is convicted, merge those convictions to avoid cumulative punishment. The Government need not be concerned. Should the Court grant Defendant's Motion to Dismiss Count II of the Indictment, the Government is entitled to have the Court instruct the jury on the substance of Count II in the form of a lesser-included offense. *See* Fed. R. Crim. P. 31(c). Instructing the jury on 18 U.S.C. § 924(c) as a lesser-included offense eliminates the principal danger of a multiplicitous indictment by making it clear Defendant can be convicted of the greater offense or lesser offense, but not both. This approach not only ensures prosecutorial choice remains intact but also avoids a double jeopardy issue along with juror confusion.

## **CONCLUSION**

For the reasons stated herein and in Defendant Kol's Motion to Dismiss Count II of the Indictment as Barred by Double Jeopardy, the Court should dismiss Count II of the Indictment which charges a multiplicitous count, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(ii).

**WHEREFORE**, Defendant respectfully requests this Court dismiss Count II of the Indictment charging Defendant with a violation of 18 U.S.C. § 924(c)(1)(A)(iii).

Respectfully submitted,

SCOTT W. SAKIN, P.A.
CJA Learned Counsel for Tsvia Kol
2883 Executive Park Drive, Suite 104
Weston, Florida 33331-3662
Tel. (954) 779-7879
Tel. (305) 545-0007
E-mail: scott@sakinlaw.com

By: __/s Scott W. Sakin_____
        SCOTT W. SAKIN
        Florida Bar No. 349089

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the CM/ECF system and copies of same distributed to all counsel of record and all known interested parties on this 27th day of October, 2025.

By: __*/s Scott W. Sakin*_____
SCOTT W. SAKIN
Florida Bar No. 349089