UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20264-CR-BLOOM

UNITED STATES OF AMERICA

vs.

JIMMY SANCHEZ,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the Violent Crime and Racketeering Section of the United States Department of Justice (collectively, this "Office") and JIMMY SANCHEZ (hereinafter referred to as the "Defendant") enter into the following agreement:

1.  The Defendant agrees to plead guilty to the following counts of the Indictment, Count 1: Conspiracy to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 846; Count 2: Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c), and, Count 3: Causing the Death of a Person in the Course of a Violation of U.S.C. § 924(c), in violation of Title 18, United States Code, Section 924(j).

2.  Provided that Defendant satisfies all other conditions of this Agreement, the government will move to dismiss Count 2 of the Indictment at sentencing unless the Supreme Court has by that time decided in *Barrett v United States*, No. 24-5774, that a defendant may

1

be sentenced for violating both Title 18, United States Code, Section 924(j) and Title 18, United States Code, Section 924(c) by the same conduct. If the Supreme Court so rules, the government will be relieved of its promise to dismiss Count 2.

3.     The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may vary from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but it is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     The Defendant also understands and acknowledges that the Court, as to <u>Count 1</u>: must impose a minimum term of imprisonment of 10 years and may impose a statutory

2

maximum term of imprisonment of up to life, followed by a term of supervised release of at least 5 years up to life and possible fine of up to $10,000,000; as to Count 2: must impose a term of imprisonment of 10 years consecutive to any other sentence imposed, followed by a term of supervised release of at least 5 years up to life and possible fine of up to $250,000; and, as to Count 3: may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of up to 3 years and possible fine of up to $500,000. These sentences of imprisonment as to each of these counts may be run consecutively. The Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve a term of imprisonment, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release. In addition to a term of imprisonment and supervised release, the Court will order forfeiture and restitution if applicable.

5.     Pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A(a), (b), and 2259, the Defendant agrees to make full restitution to the victim of his offenses, including to next of kin of the victim, as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the Defendant agrees to pay restitution to any of his victims for the entire scope of his criminal conduct, including all relevant conduct.

6.     The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed on the Defendant. See 18 U.S.C. § 3013. The Defendant agrees

3

that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

7.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will move the Court for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of

the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. The Defendant is aware that the sentence has not yet been determined by the Court.

9.     This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a.  <u>Murder Guideline</u>: As the Defendant acted deliberately and intentionally, with malice aforethought, the applicable guideline is Second Degree Murder pursuant to Section 2A1.2 of the Sentencing Guidelines.

    b.  <u>Quantity of drugs</u>: That the quantity of methamphetamine involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines is 4843.9 grams.

    c.  The parties reserve the right to argue for or against any other adjustments that are included, or not included, by the probation office in the Pre-Sentence Investigation Report.

10.    The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands

5

further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

11. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 846 and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853. The Defendant also agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1). In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

12. The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest

or control, any assets involved in the offense[s] of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13.     The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim

(This space intentionally left blank.)

7

14.     This is the entire agreement and understanding between this Office and the Defendant.   There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 1/13/2026                    By: _____
                                       MONIQUE BOTERO
                                       ASSISTANT UNITED STATES ATTORNEY

Date: 1/13/26                      By: _____
                                       JESSICA MASSEY
                                       TRIAL ATTORNEY, VIOLENT CRIME AND
                                       RACKETEERING SECTION

Date: 1/13/2026                    By: _____
                                       JACOB KOFFSKY
                                       ASSISTANT UNITED STATES ATTORNEY

Date: 1/13/26                      By: _____
                                       ERIC COHEN
                                       ATTORNEY FOR DEFENDANT

Date: 1/13/26                      By: _____
                                       ABIGAIL BECKER
                                       ASSISTANT FEDERAL DEFENDER
                                       COUNSEL FOR DEFENDANT

Date: 1/13/2                       By: _____
                                       CHRISTIAN DUNHAM
                                       ASSISTANT FEDERAL DEFENDER
                                       COUNSEL FOR DEFENDANT

Date: 1/13/26                      By: _____
                                       JIMMY SANCHEZ
                                       DEFENDANT

8