UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20264-CR-BLOOM

UNITED STATES OF AMERICA

vs.

TSVIA KOL,

Defendant.

_____/

## FACTUAL PROFFER

The United States of America and TSVIA KOL agree that the following facts are true and, had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

### Background

This case began through a joint Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), U.S. Postal Inspection Service ("USPIS"), and Miami-Dade Sherriff's Office ("MDSO") investigation. The investigation revealed that a drug trafficking organization ("DTO") based in Mexico was shipping parcels containing distribution quantities of methamphetamine from Mexico and California to South Florida. Tsvia KOL (the defendant) was a main point of contact for the DTO in South Florida. KOL not only received some of these parcels herself, but also recruited J.G. (the "Victim") to receive a parcel of methamphetamine. A parcel intended for the Victim was seized by law enforcement, as explained in more detail below. After the parcel was seized by police, KOL, Jimmy SANCHEZ (the co-defendant), and other co-conspirators, attempted to ascertain if the Victim stole the parcel or was informing on them to the police.

**November 12–28, 2022: Initial Investigation and the Lead Up to the Murder**

The DEA investigation worked to identify parcels that were suspected to contain methamphetamine. After identifying a target parcel, the DEA worked with a common carrier to intercept the package and, if possible, conduct a controlled delivery to the intended recipient.

The parcel relevant to this case was shipped on November 11, 2022, from California to Hialeah, Florida. The next day, the DEA notified the Hialeah Police Department ("HPD") about the parcel. The parcel's recipient was listed as "J.G.," with an address at an apartment building in Hialeah, Florida.

On November 16, 2022, HPD took custody of the parcel. A K-9 unit alerted to the presence of narcotics, which prompted the HPD to obtain a warrant to search the parcel. The search revealed eleven (11) zip-lock bags containing approximately eleven (11) pounds of methamphetamine. The bags were wrapped in clear, green-colored plastic and concealed inside a karaoke machine. The street value of the narcotics seized was estimated to be approximately $90,000. A DEA laboratory analysis confirmed the substance was in fact methamphetamine with a weight of 4,843.9 grams.

Over the next several days, law enforcement attempted a controlled delivery of the parcel and tried to meet with the Victim to learn more information, but those efforts were not successful. During this time-period, KOL and other co-conspirators tried and failed to recover the parcel and pressured the Victim to explain what happened. On November 26, 2022, KOL was instructed to pay for and book flights and lodging for SANCHEZ and an associate to fly from California to Miami on November 28, 2022. SANCHEZ was directed to come to Miami on behalf of DTO members in Mexico to determine what happened to the parcel of methamphetamine sent to the Victim. There is no evidence that KOL ever had contact with or knowledge of SANCHEZ or his

2

associate before November 2022. The DTO members believed that the Victim had stolen the parcel, sold it, and kept the money for himself. KOL believed that the DTO members were going to hold her responsible for the missing parcel. When in Miami, SANCHEZ and his associate picked up a rental car. At this time, the Victim was concerned for his safety. In fact, on November 28, 2022, the Victim posted his concerns for his safety on social media.

### November 29, 2022: The Day of the Murder

On November 29, 2022, KOL communicated with SANCHEZ and met him in person. When they met, KOL provided SANCHEZ a firearm and coordinated with him to meet later that evening at the Aladdin Hotel in Hialeah, Florida—the location of the murder ("Hotel"). KOL arranged for the Victim to be present that night for a meeting at the Hotel.

KOL arrived at the Hotel at about 8:00 PM and left her photo identification with the hotel front desk to reserve a room for a twelve-hour period. The Hotel's security footage shows that KOL and SANCHEZ went up to the room for a brief period before leaving the Hotel. At about 10:30 PM, KOL returned to the Hotel with the Victim (both in KOL's vehicle). They entered the room that KOL had booked, and at around that time, KOL placed a brief call to SANCHEZ. SANCHEZ arrived at the Hotel about 45 minutes later, at approximately 11:15 PM. During the 45-minute wait, KOL and the Victim smoked methamphetamine. The Hotel's security footage shows SANCHEZ entering the same room as KOL and the Victim.

At 11:23 PM, the Victim called 911. On the call, the Victim can be heard trying to provide his location, whispering "Aladdin," then a physical struggle, someone saying "NO," and gunshots can be heard. In fact, at that time, SANCHEZ struck the Victim and his head hit the wall. The Victim then fought back and the gun that KOL provided to SANCHEZ fell out of SANCHEZ's

pocket. SANCHEZ grabbed the gun and then shot the Victim twice, killing the Victim. SANCHEZ killed the Victim deliberately and intentionally, acting with malice aforethought. A minute later, KOL and SANCHEZ were depicted on the Hotel's security footage rushing from the room and leaving the Hotel. Law enforcement responded to the scene, but they had no information about what room the 911 call came from or who was involved, so KOL and SANCHEZ were able to leave.

### Post-Murder Investigation

The next morning, on November 30, 2022, a manager with the Hotel found the Victim's body and called 911. Investigators recovered the Victim's cell phone, his car (which was in the parking lot across the street), and a pipe that had been used to smoke methamphetamine in the hotel room. An autopsy report was prepared that shows that the Victim sustained two gunshot wounds: one to the mouth and another to the top of his head. The medical examiner classified the manner of death as a homicide.

(This space intentionally left blank.)

The parties agree that KOL willfully acted with callous and wanton disregard for human life. The parties also agree that the total weight of the narcotics attributable to KOL is 4,843.9 grams of methamphetamine.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 1/16/2026          By: _____
                             MONIQUE BOTERO
                             ASSISTANT UNITED STATES ATTORNEY

Date: 1/16/2026          By: _____
                             JESSICA MASSEY
                             TRIAL ATTORNEY, VIOLENT CRIME AND
                             RACKETEERING SECTION

Date: 1/16/2026          By: _____
                             JACOB KOFFSKY
                             ASSISTANT UNITED STATES ATTORNEY

Date: 1-16-2026          By: _____
                             SCOTT SAKIN
                             COUNSEL FOR DEFENDANT

Date: 1-16-2026          By: _____
                             TSVIA KOL
                             DEFENDANT